```
                    UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF TENNESSEE
                         NASHVILLE DIVISION
```

MARK LARKIN,                    )
                                )
         Plaintiff              )
                                )       No. 3:13-CV-1369
v.                              )       Judge Campbell/Brown
                                )
CORRECTIONS CORPORATION         )
OF AMERICA, *et al.*,           )
                                )
         Defendants             )

## **O R D E R**

All of the Defendants except Molokwu have been served and have filed an answer in this matter (Docket Entry 54). From reading the rather convoluted complaints in this matter (Docket Entries 1, 5, 6), the Magistrate Judge has grave concerns as to whether a cause of action against the unserved Defendant Molokwu is stated. It appears that the only mention of this Defendant is in paragraph 1 of the second motion to amend the complaint (Docket Entry 6). This paragraph states that the contract monitor Molokwu failed to investigate whether the Plaintiff had completed the mandatory sentence of 150 days or not. Normally, questions as to whether a Defendant is being held in custody properly is raised through *habeas corpus*, and not through a 1983 suit.

The Plaintiff is directed to show cause by **March 19, 2014,** why the Magistrate Judge should not recommend dismissal as to this Defendant for failure to state a cause of action. *See Goodson v. Tennessee*, 102 Fed. Appx 906 (6th Cir 2004).

Under Rule 4(m) of the Federal Rules of Civil Procedure, if service of process is not obtained within 120 days absent an extension granted by the court, the case as to that defendant is subject to dismissal.

This matter is set for a Rule 16 case management hearing on **April 23, 2014, at 11:00 a.m.** The Defendants are directed to prepare a draft initial case management order and send the order to the Plaintiff at both Creston, Iowa, address (Docket Entry 53), and the Plaintiff's address of record at the CCA, Davidson County, detention facility.

The Plaintiff is directed to prepare a short theory of his case (not to exceed 1½ pages) and bring it with him to the hearing. The Plaintiff should also be prepared at the hearing to discuss why the unserved Defendant should not be dismissed from this case.

The Plaintiff is reminded that it is his responsibility to keep a current address on file with the Court at all times. Failure to do so can result in his missing deadlines, court hearings, and other proceedings, and can result in a recommendation that his case be dismissed for failure to prosecute and failure to obey Court orders.

It is so **ORDERED**.

/s/   Joe B. Brown
JOE B. BROWN
United States Magistrate Judge