```
                UNITED STATES DISTRICT COURT
                MIDDLE DISTRICT OF TENNESSEE
                     NASHVILLE DIVISION

MARK LARKIN,                    )
                                )
        Plaintiff               )
                                )       No. 3:13-CV-1369
v.                              )       Judge Campbell/Brown
                                )
CORRECTIONS CORPORATION         )
OF AMERICA, et al.,             )
                                )
        Defendants              )
```

**TO:   THE HONORABLE TODD J. CAMPBELL**

### REPORT AND RECOMMENDATION

For the reasons stated below the Magistrate Judge recommends that the Plaintiff's case be DISMISSED without prejudice for failure to prosecute and to obey court orders.

### BACKGROUND

The Plaintiff filed his complaint on October 23, 2013, *in forma pauperis* (Docket Entry 1). Subsequently, the Plaintiff's motion to proceed *in forma pauperis* was granted and he was directed to return service packets for the remaining Defendants in the case and the matter was referred to the undersigned for case management and a report and recommendation as to any dispositive matters (Docket Entry 11). Judge Campbell, in that same order, specifically forewarned the Plaintiff that his prosecution of the action would be jeopardized should he fail to keep the Clerk's office informed of his current address.

The Plaintiff was initially active in following up on his case by returning the service packets to the Clerk's office on December 13, 2013, and by filing a motion for injunctive relief

(Docket Entry 15) and by initiating discovery (Docket Entry 19), and a motion to ascertain the status of his case on January 13, 2014 (Docket Entry 25). On January 14, 2014, the Magistrate Judge entered an order denying as moot the Plaintiff's motion for emergency injunctive relief, notifying the Plaintiff that as soon as the last remaining Defendant (Molokwu) had been served the Magistrate Judge would schedule a Rule 16 hearing for the purpose of entering the scheduling order (Docket Entry 27).

The Plaintiff filed a notice of appeal as to the District Judge's order dismissing certain of the Defendants (Docket Entry 31) on December 19, 2013.[1]

It appears that sometime prior to February 1, 2014, the Plaintiff was released from the Davidson County Detention Facility and mail sent to him at his last known address at the facility was returned (Docket Entries 51 and 52).

A copy of the Court's order was subsequently sent to the Plaintiff at an address in Creston, Iowa. This certified mail was signed by Leta Larkin on February 7, 2014 (Docket Entry 53). On February 19, 2014, the Magistrate Judge entered an order directing the Plaintiff to show by March 19, 2014, why the Magistrate Judge should not recommend dismissal as to the Defendant Molokwu and further setting the matter for a case management scheduling conference on April 23, 2014. On January 31, 2014, the Magistrate Judge entered an order noting that the Defendants had advised the Court that the Plaintiff had been released from custody on January

---

[1]The Sixth Circuit subsequently dismissed the appeal for lack of appellate jurisdiction as there was no final judgment entered by the District Judge (Docket Entry 60).

20, 2014 (Docket Entry 48). The Clerk was directed to send a number of orders to the new addresses. The Plaintiff was specifically cautioned that he must keep a current address on file with the Court and failure to do so could result in a recommendation that his case be dismissed for failure to prosecute (Docket Entry 49).

The Plaintiff was again on February 19, 2014 specifically reminded that it was his responsibility to keep a current address on file with the court at all times and that failure to do so could result in a recommendation that his case be dismissed for failure to prosecute and failure to obey Court orders (Docket Entry 55).

Pursuant to that order the Defendants prepared a proposed case management order and filed it with the Court (Docket Entry 61). A certificate of service shows that they sent the proposed case management order to the Plaintiff at the detention facility at the Elm Hill Pike address and to the Creston, Iowa, address.

At the appointed time on April 23, 2014, counsel for the Defendants appeared at the hearing, but the Plaintiff did not appear. Defendants' counsel advised that they had been using all three addresses for the Plaintiff and they had received no response from him as to any of the pleadings.

In this case, as discussed above, the Plaintiff has been repeatedly cautioned that he needed to keep a current address on file and that failure to do so can result in the dismissal of his case for failure to prosecute.

It appears that at least one order was signed for by an individual with the last name of Larkin at the address provided by the Defendants in Iowa.

The record, however, is totally void of any communication from the Plaintiff about his case or about a current address since the end of January 2014.

## LEGAL DISCUSSION

A dismissal with or without prejudice is a drastic remedy, and before the Court contemplates dismissing an action under Rule 41(b), the Court must specifically consider:

> (1) whether the party's failure to cooperate is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dilatory conduct of the party; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) where the less drastic sanctions were imposed or considered before dismissal was granted. *Tetro v. Elliott Popham Pontiac*, 173 F.3d 988 (6th Cir. 1999).

In this case the Plaintiff was warned at the outset of the case that failure to keep a current address could lead to dismissal of his case (Docket Entry 11).

Given these circumstances, the Magistrate Judge believes that dismissal under Rule 41(b) is appropriate. The Court must be able to control its docket and move cases toward resolution. The Plaintiff is presently out of touch with the Court, has failed to respond to motions to show cause, or to attend the case management conference. Under these circumstances, the Magistrate Judge believes that the elements of *Tetro* case cited above have been met:

(1) The Plaintiff has been warned repeatedly of the necessity of keeping the current address on file with the Court and it appears that his failure to do so is due to willfulness, bad faith or fault.

(2) The Defendants in this case cannot proceed with discovery without the Plaintiff's participation and as time goes on their defenses may well be prejudiced.

(3) The Plaintiff has been repeatedly warned that failure to keep a current address and to prosecute his case could lead to dismissal.

(4) The Magistrate Judge has considered less drastic sanctions and is only recommending that the case be dismissed without prejudice, which is less drastic than dismissal with prejudice.

**RECOMMENDATION**

For the reasons stated above, the undersigned recommends that this case be DISMISSED without prejudice for failure to prosecute and to follow Court orders.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has **14 days** from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have **14 days** from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within **14 days** of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 106 S. Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

**ENTERED** this 23rd day of April, 2014.

/s/   Joe B. Brown
JOE B. BROWN
United States Magistrate Judge